UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT, ) | |
| COUNCIL ANNUITY TRUST, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1960 AGF |
| ) | |
| DKW CONSTRUCTION CO., INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file and Plaintiffs' motion for attorney's fees. Plaintiffs filed this action seeking payment by Defendant of amounts owed under various collective bargaining and settlement agreements.[1] By Order dated June 12, 2008, Defendant was granted until June 23, 2008, to show cause why sanctions should not be entered due to defense counsel's failure to appear for a Rule 16 conference on two separate occasions. The Order informed Defendant that possible sanctions included the striking of Defendant's answer and entry of an order of default against it, and the imposition of Plaintiffs' expenses, including attorney's fees, against Defendant and/or defense counsel. The Court noted that such sanctions are expressly authorized by Federal Rule of Civil Procedure 16(f).

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

The deadline to show cause passed without any filing by Defendant. The Court then provided a copy of the June 12, 2008 Order directly to Defendant itself, and gave Plaintiffs until July 11, 2008, to file any request for relief related to this action. Defendant has not responded. On June 26, 2008, Plaintiffs filed a motion for attorney's fees. In support of its motion for attorney's fees, Plaintiffs submit the statement of their counsel, James R. Kimmey, who recites that he spent 4.8 hours preparing for and attending the two Rule 16 Conferences. Mr. Kimmey's statement also recites that Plaintiffs were billed at a rate of $200.00 per hour for this work, which Mr. Kimmey believes to be typical. Thus, Plaintiffs request that Defendant pay a total of $960.00 in attorney's fees. Defendant has not replied to Plaintiffs' motion, and the time to do so has run out.

## DISCUSSION

### Order of Default

Federal Rule of Civil Procedure 16(f) permits this Court, on its own motion, to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Rule 37 expressly permits the court to issue an order striking a pleading or rendering a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Although expressly permitted by the Rules, the Supreme Court has noted that the sanction of dismissal or entry of default is "extreme," Nat'l Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976), and the Eighth Circuit has limited the use of these sanctions to cases where the dismissal or default is proportional to the offending party's transgression and the sanctionable conduct was willful, Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998). The Eighth Circuit has defined willful, in this context, as "a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468-69 (8th Cir. 1991) (citation omitted).

Furthermore, a district court should consider other, lesser sanctions before imposing the harsh sanction of dismissal or default. See Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000) (upholding dismissal under Rule 41 as sanction for plaintiff's disregard of the court's orders). Dismissal or default sanctions should only be imposed after balancing the policy favoring giving litigants their day in court against the policy of preventing undue delay, avoiding court congestion, and preserving respect for court procedures. Omaha Indian Tribe, 933 F.2d at 1468; Chrysler Corp. v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999) (applying this test where the district court struck the defendant's answer and entered a judgment of default against defendant on the issue of liability). A party chooses its counsel at its peril, and may be held accountable for its counsel's actions. See, e.g., Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596 (8th Cir.

2001) (citing <u>Boogaerts v. Bank of Bradley</u>, 961 F.2d 765, 768 (8th Cir. 1992) (upholding dismissal of plaintiff's case for his counsel's failure to follow the court's orders)).

In the present action, Defendant has twice failed to appear at Rule 16 conferences, without contacting the Court, and has failed to respond to the Orders of this Court. To guard against sheer negligence by counsel, who was not responsible to the Court, the Court served a copy of the Order to Show Cause directly on Defendant, and still received no response. As Plaintiffs note, Defendant has offered no explanation for this delinquency, despite being given multiple opportunities. Given this pattern of behavior, the Court finds that Defendant's conduct was not accidental or involuntary, but conscious and intentional. This conduct has unduly delayed the litigation of this action, disrupted the Court's calendar, and shown a lack of respect for this Court and its procedures.

Defendant appears to have little desire to have its day in court. Balancing this with the nature and impact of Defendant's actions, this Court finds that default is warranted. Given Defendant's non-communication and apparent disregard for the orders of this Court, this Court finds, after due consideration, that no lesser sanction will suffice in this instance. This Court will, therefore, strike Defendant's answer and enter an order of default against Defendant.

**Plaintiffs' Motion for Attorney's Fees**

Rule 16(f) also allows this Court to order, in addition to any other sanctions, that the offending party, its attorneys, or both "pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the

4

noncompliance was substantially justified." Fed. R. Civ. P. 16(f)(2). As Plaintiffs note in their motion for attorney's fees, Defendant has not provided any justification for its noncompliance with the Court's schedule and Orders. The Court also notes that Defendant has not responded to Plaintiffs' motion, despite it being served on both counsel for Defendant and Defendant itself. This Court finds that the imposition of the full amount of fees requested by Plaintiff, $960.00, is just, and shall order such.

Sanctions are designed not only to penalize, but also to deter. See Chrysler, 186 F.3d at 1022 (quoting Nat'l Hockey League, 427 U.S. at 643). The sanction of default is a significant penalty against Defendant itself, but less so an adequate penalty for defense counsel's conduct. This Court, therefore, directs its fee order to defense counsel, Lyell H. Champagne, and his firm, Champagne Law Firm, LLC, in hopes of deterring similar conduct in the future. See Int'l Bhd. of Elec. Workers v. Acme Elec. Co., 652 F. Supp. 182, 186 (E.D. Mo. 1986) (imposing fees against both counsel and counsel's firm as a sanction for counsel's egregious conduct).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's answer is **STRICKEN**. [Doc. #4]

**IT IS FURTHER ORDERED** that the Clerk's office shall enter an order of default against Defendant. Plaintiffs shall have up to and including August 18, 2008, to file a motion for judgment of default.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for an award of attorney's

fees is hereby **GRANTED** against Lyell H. Champagne and Champagne Law Firm, LLC, jointly and severally, in the amount of $960.00. [Doc. #14]

                                                 _____
                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of August, 2008.