UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, et al., ) ) ) Plaintiffs, ) ) vs. ) ) DKW CONSTRUCTION, INC., ) ) Defendant. ) | Case No. 4:07CV1960 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for default judgment against Defendant DKW Construction, Inc.[1] Plaintiffs filed this action on November 21, 2007, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 & 1145; and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiffs are three employee benefit funds (Annuity Trust, Pension Fund, and Welfare Plan) for the Iron Workers St. Louis District Council ("Plaintiff Funds"); and Local No. 396 and Local No. 392, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO.

The complaint alleges that Defendant failed to make the periodic contributions to the Plaintiff Funds required of it under the Collective Bargaining Agreements ("CBAs") between Defendant and its employees' unions. The complaint further asserts that in addition to the payments due, Defendant is liable for interest on the delinquent payments;

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

liquidated damages in the amount of ten percent (10%) of the delinquency; attorney's fees; and court costs.

The complaint alleges, in a separate count, that Defendant also failed to make the monthly payments to Plaintiffs required by the Complete Reciprocal Release and Settlement Agreement between the parties, and is liable for these payments and related interest, attorney's fees, and costs. The Settlement Agreement resolved a prior dispute between the parties filed on October 17, 2003, styled <u>Iron Workers St. Louis District Council Annuity Trust, et al. v. DKW Construction, Inc.</u>, No. 4:03-cv-0147 JEH.

On January 22, 2008, Defendant answered the complaint. Thereafter, Defendant's answer was stricken for failure of defense counsel to appear for a Rule 16 conference on two separate occasions, and for failure to show cause for missing these conferences.[2]

On August 14, 2008, following Defendant's failure to respond to an order to show cause why default should not be entered against it, the Clerk of Court entered an order of default against Defendant. On that same day, Plaintiffs filed the present motion for default judgment against Defendant for the delinquent contributions due to the Plaintiff Funds for the period of January 1, 2005, through March 6, 2008, in the total amount of

---

[2] By Order dated June 12, 2008, Defendant was granted until June 23, 2008, to show cause why sanctions should not be entered due to defense counsel's failure to appear for a Rule 16 Conference on two separate occasions. The Order informed Defendant that possible sanctions included the striking of Defendant's answer and entry of an order of default against it, and the imposition of Plaintiffs' expenses, including attorney's fees, against Defendant and/or defense counsel. The deadline to show cause passed without any filing by Defendant. The Court then provided a copy of the June 12, 2008 Order directly to Defendant itself, and gave Plaintiffs until July 11, 2008, to file any request for relief related to this action. Defendant did not respond.

$80,781.46; the interest on such delinquent contributions in the amount of $8,446.05;[3] and liquidated damages in the amount of $8,078.14. Plaintiffs also seek $4,605.33 in delinquent contributions due to Local No. 396 for three other employee benefit funds under the applicable CBA, plus interest in the amount of $697.67.

Plaintiffs additionally request $13,673.85 for the balance due under the Settlement Agreement, plus interest in the amount of $3,281.72 on this balance. Plaintiffs further seek $14,211.00 in attorney's fees, and $443.05[4] in costs, consisting of $50.00 for computer-based legal research, $43.05 for the "Frederick Investigations," and $350.00 for an unspecified item. Lastly, Plaintiffs request an order compelling Defendant to submit its books to an audit for the period of March 7, 2008, through the date of the entry of the default judgment, with leave to file supplemental papers to request the specific amounts determined to be due and owing by such audit. Defendant has not filed a response to Plaintiffs' motion within the time allowed.

The liability of a defendant is established upon entry of default, and thus, once default is entered, the plaintiff is not required to establish its right to recover. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"); Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co., 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA and LMRA). Thus, the only

---

[3] $8,446.05 represents interest on delinquent contributions due to Local No. 392 in the amount of $2,812.80 (Ex. 14) and to Local No. 396 in the amount of $5,633.25 (Ex. 13).

[4] According to the statement of Plaintiffs' attorney, Plaintiffs' costs were $443.50 (Ex. 8). The list of itemized billed costs, however, shows a total of $443.05 (Ex. 8).

issue before the Court is the amount of damages owed by Defendant to Plaintiffs. See Tichy Elec. Co., 2008 WL 154641, at *4; Flynn v. Williams Masonry, 233 F.R.D. 176, 177 (D.D.C. 2005), amended on other grounds, 444 F. Supp. 2d 221 (D.D.C. 2006).

In an ERISA case, the court has the discretion to determine damages based on "detailed affidavits or documentary evidence." Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). When a court enters judgment against a defendant for contributions owed under a CBA, ERISA provides that the court shall award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4) reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2). Damages must be proven by a preponderance of the evidence. Tichy Elec. Co., 2008 WL 154641, at *5.

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of awards for the delinquent contributions due the Plaintiff Funds and Local No. 396 (Exs. 6, 7, & 13), for interest on these delinquent contributions through July 31, 2008 (Exs. 7, 13, & 14), for liquidated damages on the contributions due to the Plaintiff Funds (Exs. 2A & 2B),[5] for the unpaid balance of the Settlement Agreement (Ex. 12), for interest due on that balance through July 31, 2008 (Ex. 11), and for attorney's fees (Ex. 8). The Court also concludes that the attorney's fees requested are reasonable, at a billing rate of $180.00 to $200.00 per hour for a total of 86.8 attorney hours.

---

[5] The Court notes that under 29 U.S.C. § 1332(g)(2)(C), Plaintiffs would have been entitled to recover $8,446.05, rather than $8,078.14.

4

With regard to the requested costs, the Court will award Plaintiffs $350.00 in costs for an unspecified item, which the Court will assume was the filing fee. Under the law of this Circuit, however, computer-assisted legal research is not recoverable as costs and may not be added to the fee award. See Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1137 (E.D. Mo. 1998) (ERISA case, reluctantly following Standley v. Chilhowee R-IV Dist., 5 F.3d 319, 325 (8th Cir. 1993)). Without further explanation of the "Frederick Investigations," the Court declines to award Plaintiffs the $43.05 in costs sought for that item.

Plaintiffs are also entitled to an order for an audit. See, e.g., Carpenters' Distr. Council of Greater St. Louis & Vicinity v. Vehlewald Constr. Co., 2008 WL 544977 (E.D. Mo. Feb. 25, 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for partial default judgment is **GRANTED** [Doc. 18].

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs $80,781.46 in contributions due to Plaintiffs Funds for the period of January 1, 2005, through March 6, 2008, plus interest on such contributions in the amount of $8,446.05, plus liquidated damages in the amount of $8,078.14.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs $4,605.33 in contributions due to Local No. 396, plus interest in the amount of $697.67.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs $13,673.85 for breach of a settlement agreement between the parties, plus interest of $3,281.72.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs costs of $350.00, plus attorney's fees in the amount of $14,211.00.

**IT IS FURTHER ORDERED** that Defendant shall have up to and including March 2, 2009, to submit its books to an audit for the period of March 7, 2008, through the date of entry of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order on Defendant DKW Construction, Inc.

A separate Partial Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of February, 2009.