UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:07CV1960 AGF<br>) |
| DKW CONSTRUCTION, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to compel. On default, judgment was entered against Defendant in this case filed under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 & 1145, and the Labor Management Relations Act, 29 U.S.C. § 185, claiming that Defendant, DKW Construction, Inc., failed to make the periodic contributions to certain employee benefits funds as required under the collective bargaining agreements between Defendant and its employees' unions, and as required by a settlement agreement entered into between the parties in a prior case. The complaint also sought interest on the delinquent payments; liquidated damages; attorney's fees; and court costs.

By Order dated October 21, 2009, the Court granted Plaintiffs' motion for default judgment in the total amount of $148,624.99. In support of the present motion, Plaintiffs' counsel has submitted an affidavit that the deposition of Defendant's president, Dorrie K. Wise, in aid of execution of the judgement was scheduled on March 19, 2010, and that a notice of the deposition and a request for production of documents was served on Defendant's counsel, but that Mr. Wise failed to appear and made no attempt to reschedule the deposition. Plaintiffs now seeks an order compelling Mr. Wise to appear

for a deposition in aid of execution of judgment, and further, compelling Defendant and Mr. Wise, jointly and severally, to reimburse Plaintiff for the attorney's fees associated with brining the motion. Defendant has not responded to the motion to compel in the time permitted for a response.

As Plaintiffs argue, Federal Rule of Civil Procedure 69(a) entitles them to depose Mr. Wise. See Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998). Upon review of the record, the Court concludes that the motion to compel should be granted. See id.; Local 513, Int'l Union of Operating Engineers, AFL-CIO v. Arrow Trenching, Inc., No. 4:09-CV-391 CAS, 2009 WL 3698001, at *1 (E.D. Mo. Oct. 27, 2009).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel is **GRANTED**. [Doc. #33]

**IT IS FURTHER ORDERED** that Dorrie K. Wise shall appear for a deposition at a reasonable time and place agreed upon by the parties, but no later than thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendant and Dorrie Wise shall jointly and severally reimburse Plaintiffs $100.00 as reasonable attorney's fees incurred by Plaintiffs in connection with bringing the motion to compel.

**IT IS FURTHER ORDERED** that failure to comply with this Memorandum and Order may result in sanctions.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of April, 2010.